NORWOOD ICE COMPANY *vs.* MILK CONTROL COMMISSION.

Suffolk.  November 6, 1958. — January 20, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Milk.  License.  State Administrative Procedure Act.*

A decision of the milk control commission under G. L. c. 94A, § 6, as amended through St. 1953, c. 604, § 3, denying in February, 1956, an application filed with it on June 14, 1955, for renewal of the applicant's license as a milk dealer for the license year ending June 30, 1956, after a finding that the applicant during the period of its license expiring June 30, 1955, knowingly sold milk at a price less than cost in violation of § 14 (d), was not based on procedural error prejudicial to the substantial rights of the applicant where it appeared that on May 5, 1955, a written complaint was filed with the commission charging the applicant with violations of the milk control law and the commission sent the applicant a notice of a hearing on a charge of selling milk at a price less than cost, "constituting reason for denial, suspension or revocation of milk dealer license, as set forth in" § 6, that the commission, without amending such notice or giving further notice, but without objection, held a hearing on sundry days between May 26, 1955, and July 25, 1955, that by statutory authority the applicant continued in business subsequent to June 30, 1955, pending action by the commission on the renewal application, and that the commission made no order respecting the license for the year ending June 30, 1955. [439]

Upon a petition under G. L. c. 94A, § 21, as amended through St. 1954, c. 681, § 7, for a review by the Superior Court, in accordance with the standards for review provided in § 14 (8) of the State administrative procedure act, G. L. c. 30A, of proceedings of the respondent milk control commission in the course of which the respondent's "hearing officer" in accordance with its normal procedure filed a report with recommendations after a hearing under the authority of c. 94A, § 16 (a), as amended through St. 1953, c. 604, § 3, there was no error in an order by the court that the officer's report be made part "of the entire record in the proceedings" of the respondent required by c. 94A, § 21, to be filed in the court.     [441–442]

Norwood Ice Co. *v.* Milk Control Commission.

PETITION FOR REVIEW, filed in the Superior Court on February 21, 1956.

The respondent alleged exceptions to an order by *Murray,* J., respecting the record of proceedings before it required to be filed in court and to an order by *Nagle,* J., reversing a decision of the respondent.

*Bernard N. Abrams,* Special Assistant Attorney General, for the respondent.

No argument nor brief for the petitioner.

WILKINS, C.J.   This is a petition for review of a decision of the respondent milk control commission dated February 14, 1956, denying the petitioner's application of June 14, 1955, for renewal of its license as a milk dealer for the license year ending June 30, 1956.   G. L. c. 94A, § 21.   A judge in the Superior Court made findings and ruled that there had been a procedural error, and entered an order that the order and decision of the commission are invalid and should be reversed.   The respondent excepted.

1. The petitioner was the holder of a license which was due to expire on June 30, 1955.   On May 5, 1955, the director of milk control filed a written complaint with the commission charging that the petitioner had violated certain provisions of the milk control law.   A notice of hearing was sent by the commission to the petitioner stating, among other things, that "you have committed or permitted to occur or exist acts, facts or circumstances constituting reason for denial, suspension or revocation of milk dealer license, as set forth in Section 6 of said Chapter 94A, to wit: A. That you have violated provisions of the Act, as follows: 1. Section 14 (d), in that you sold milk at a price less than the cost of such milk including all regular direct and indirect elements of cost of service, physical handling and financial investments in the milk in question."

A hearing then took place before a hearing officer designated by the commission, which consumed twenty-eight hearing days between May 26 and July 25, 1955.   In the meantime on June 14, 1955, the petitioner filed with the commission the application in question for renewal of its

license for the ensuing license year ending June 30, 1956. By virtue of G. L. c. 94A, § 5, as amended through St. 1953, c. 604, § 3, the petitioner continued in business subsequent to June 30, 1955, pending action by the commission on the application. Material portions of § 5 are: "Licenses issued hereunder shall expire on June thirtieth in each year, but may be renewed if application is made therefor on or before June fifteenth in such year. Any licensee whose application for renewal is made on or before June fifteenth in any year may continue to engage in the milk business pending the action of the commission on such application."

On February 14, 1956, the commission entered in its records "Findings, Decision and Order," purporting to deny the application for renewal. The commission made no order respecting the license for the year ending June 30, 1955, and no notice of any hearing was given subsequent to May 5, 1955.

The judge ruled that the hearing "preceded by the notice of May 5, 1955, pertained only to the license, for the license year, ending June 30, 1955, with respect to which the commission has made no order, and was not a hearing on Norwood's application, dated June 14, 1955, for renewal of its license for the license year, ending June 30, 1956; that the order and decision of the commission, of February 14, 1956, was made without notice or hearing, respecting Norwood's application for renewal of its license, in violation of G. L. (Ter. Ed.) c. 94A, § 6, where, as here, the licensee's application for renewal was duly and seasonably filed with the commission, and its license had not been refused or revoked, nor had a conditional license been issued to it within the same or the next preceding license year."

Pertinent provisions of G. L. c. 94A, § 6, as amended through St. 1953, c. 604, § 3, are: "The commission may decline to grant or renew a license, or may suspend or revoke a license already granted, or may grant a conditional or temporary license, upon due notice and hearing to the applicant or licensee; except that the commission may without hearing to the applicant or licensee, but upon due no-

tice, cancel a conditional license for breach of a condition thereof, or may decline to grant or renew a license, where the license of the applicant or licensee has been refused or revoked or a conditional license has been issued for cause within the same or the next preceding license year. The commission may decline to grant or renew a license or may suspend or revoke a license already granted, or grant a conditional license upon due notice and hearing to the applicant or licensee, when it is satisfied of the existence of any of the following reasons: . . . (12) That he knowingly purchased, received, processed, sold or otherwise handled milk within the commonwealth in violation of any of the applicable laws, or of the rules, regulations and requirements of the commission . . . ."

The commission found that "during the period from November 22, 1954, to and including January 19, 1955, the Norwood Ice Company sold milk within the Commonwealth at a price less than the cost of such milk, including the original purchase price thereof, and all regular direct and indirect elements of cost of service, physical handling and financial investment in the milk in question; that such sales were made with the knowledge of the Norwood Ice Company."

The standards for judicial review are set forth in the State administrative procedure act, G. L. c. 30A, § 14 (8): "The court may affirm the decision of the agency, or remand the matter for further proceedings before the agency; or the court may set aside or modify the decision, or compel any action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced because the agency decision is . . . (d) Made upon unlawful procedure; or (e) Unsupported by substantial evidence . . . . The court shall make the foregoing determinations upon consideration of the entire record, or such portions of the record as may be cited by the parties. . . ." By c. 30A, § 15, this court has "jurisdiction to review any proceedings had, determinations made, and orders or decrees issued in the superior court pursuant to section

fourteen in the same manner and to the same extent as in equity suits, so far as the provisions governing equity suits are applicable."

When the hearing commenced, the petitioner's authority to engage in the milk business was a license due to expire in less than two months on June 30, 1955. The proceedings had been properly instituted. The petitioner had due notice and was afforded an opportunity to be heard with counsel. G. L. c. 94A, §§ 7 (a), 16 (c). When June 30 came, although the license then expired, the uncompleted hearing continued. The petitioner's authority to engage in the milk business then was his application for renewal filed before June 15. The hearing went on until July 25 without objection so far as appears. The only purpose of continuing the proceedings must have been to determine whether to grant the renewal application. On February 14, 1956, when the decision was made, the commission could have denied the application without any hearing provided the license had been revoked in the same or in the next preceding license year. The issues on the renewal application were the same as on revocation of the license. The findings of the commission were within the scope of the notice of the hearing.

In the circumstances we think that nothing in §§ 5 and 6 or elsewhere requires a hearing to be ended by June 30 of any year, or a new proceeding to be begun after that date. We do not agree with the order of the Superior Court. If there was a defect in procedure in not amending the notice of hearing, which we do not intimate, the substantial rights of the petitioner were not prejudiced. The order of the Superior Court reversing the order and decision of the commission must itself be reversed.

We have considered the ground of the order made in the Superior Court although the question does not appear to have been made before the commission. "No objection not urged before the commission shall be considered in review." G. L. c. 94A, § 21.[1]

---

[1] Section 21, as amended through St. 1954, c. 681, § 7, which provides for judicial review, reads in part: "The petitioner shall file in the court a transcript of the entire record in the proceedings, certified by the commission,

2. A second bill of exceptions by the commission raises the correctness of an order made in the Superior Court in acting upon a motion of the petitioner that the "report and recommendations and findings of fact and rulings filed with the respondent by the hearing officer or agent of the respondent" be made part "of the entire record in the proceedings" required to be filed with the Superior Court. G. L. c. 94A, § 21. We read in the commission's brief that the hearings officer is a civil service employee of the commission. The title hearings officer does not appear in c. 94A, the milk control law, § 16 (a) of which, as amended through St. 1953, c. 604, § 3, provides: "The commission, or any member or authorized agent thereof, including the director, may hold any examination or investigation, or any general or special hearing required or authorized under this chapter, at such places and at such times as the commission deems necessary for the proper administration of this chapter." The commission contends that his findings and recommendations in this case were purely advisory. The record in this court shows that the members of the commission made their decision based upon reading the transcript, examining the exhibits, and listening to recordings of the testimony. We are not told that they did or did not read whatever it was the hearing officer wrote. The contents are in no way brought to our attention. The record before us shows that at the hearing on the motion counsel for the respondent stated in open court that the hearing officer did file with the commission a "Hearing Agent's Report," in which "he made suggested or recommended finding on the charges." This is in accord with a statement made by the hearings officer in the course of the hearing before him that the normal procedure has been for that officer to make a report to the commission with a recommendation on the charges.

including the notice, the testimony received and the findings and order or decision of the commission. The order, rule, regulation or decision of the commission shall be reviewed in accordance with the standards for review provided in paragraph (8) of section fourteen of chapter thirty A. No objection not urged before the commission shall be considered in review."

This procedural controversy discloses a blind spot in the statute. As fundamental a matter as the contents of the record on appeal should not be left in a void.

Under the State administrative procedure act the record shall consist of the "entire proceedings" unless the parties and the agency agree upon the use of selected matter. G. L. c. 30A, § 14 (4). Upon the issue before us, this adds nothing to G. L. c. 94A, § 21, quoted above.

Pursuant to G. L. c. 30A, § 14 (8), also quoted above, one of the duties of judicial review is to determine "upon consideration of the entire record" whether substantial rights have been prejudiced because the agency decision was "[u]nsupported by substantial evidence." A similar provision is to be found in the Federal administrative procedure act, § 10 (e). 5 U. S. C. (1952) § 1009 (e).[1] The State administrative procedure act was drafted subsequent to an interpretation of the phrase "substantial evidence on the record considered as a whole" in *Universal Camera Corp.* v. *National Labor Relations Bd.* 340 U. S. 474. The question there presented was whether the Taft-Hartley act, which included the above quoted phrase but did not expressly make the examiner's report a part of the record for judicial review, required the reviewing court to consider the hearing examiner's report in determining whether the national labor relations board decision was supported by "substantial evidence." In the course of its opinion the court said, "Surely an examiner's report is as much a part of the record as the complaint or the testimony" (page 493); and ". . . evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion" (page 496).

The cases throughout the country, based on varying statutory language, are far from unanimous, but the trend is in favor of making the report which concerns us a part of the

---

[1] The Federal act refers to the "whole" record rather than to the "entire" record.

record.   See cases collected in Davis, Administrative Law (1958 ed.) §§ 8.14, 10.04.

Accordingly, we hold that there was no error in the order making the hearing officer's report part of the record.

Although there is no requirement in c. 94A that the hearings officer make suggestions or recommendations, as long as the normal procedure has been for the hearings officer to make a report to the commission with a recommendation on the charges, we shall not interpret the statutory deficiency as precluding the type of order entered in the Superior Court in this case.

3. The exceptions alleged in the first bill of exceptions are sustained, and the order of the Superior Court reversing the order and decision of the commission is in turn reversed. The exceptions alleged in the second bill of exceptions are overruled.   Further proceedings in the Superior Court are to be in conformity with this opinion.

*So ordered.*